# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| H. THOMAS MORAN II, Receiver of the Assets of LifeTime Capital, Inc. and Certain Affiliated Persons and Entities, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:05CV071 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| A/C FINANCIAL, INC., et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

This case is before the Court upon the Receiver's Motions for Entry of Default (Doc. #s 184, 261). The Receiver seeks an Order under Fed. R. Civ. P. 55(a) directing the Clerk of Court to Enter Default against certain named Defendants who have failed to Answer or otherwise move in response to service of summons and the Complaint. This case is also before the Court upon the Receiver's Motions For Default Judgment (Doc. #s 183, 260). Two Defendants oppose Entry of Default and Default Judgment: Sorrell Insurance Agency (Doc. #211) and Marc R. Sutherland (Doc. #243).

Entry of Default applies under Fed. R. Civ. P. 55(a) as follows:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

made to appear by affidavit or otherwise, the clerk shall enter the party's default.

If the claim against a party in default is not for a sum certain – as in the present case, *see* Doc. #1 at 20 – Fed. R. Civ. P. 55(b)(2) requires the party seeking default "to apply to the court therefore..." "When a party 'has failed to plead or otherwise defend...' entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998).

The Receiver's Motion for Entry of Default is well taken against the Defendants identified in counsel's affidavit attached to the Receiver's Motion, with some exceptions. First, Defendant Sorrell Insurance Agency states that it sought and obtained an extension to respond to the Receiver's Complaint until December 2, 2005. (Doc. #211 at 2). Given the absence of a Reply by the Receiver, this is accurate. Consequently, Defendant Sorrell Insurance Agency's act of filing a timely Motion to Dismiss on November 16, 2005 (Doc. #212) prohibits Entry of Default or Default Judgment against it.

Marc R. Sutherland opposes Entry of Default and Default Judgment because he "fails to find any documentation, complaint or summons requiring a plea or response." (Doc. #243). This is incorrect since the record documents that Sutherland received service of summons and the Complaint (Doc. #28), and since the factual allegations and claims raised in the Complaint are sufficient to require Sutherland to file an Answer or otherwise respond as permitted by Fed. R. Civ. P. 12(b). His failure to do so constitutes a default. Yet, liberally construing Sutherland's *pro se* Response in his favor, Sutherland also intends to defend against Plaintiff's Complaint by denying its allegations. *See* Doc. #243. Consequently, rather than entering Default Judgment against him and requiring him to then show cause why it should be set aside, *see* Fed. R. Civ. P.

55(c), Sutherland should be given a further opportunity to file an Answer or other respond to the Complaint as permitted by Fed. R. Civ. P. 12(b). *See Cincinnati Bell Telephone v. Allnet Communication*, 810 F. Supp. 217, 220 (S.D. Ohio 1992) (Spiegel, D.J.) ("Any doubt as to the propriety of granting a default judgment should be resolved in favor of the non-moving party.").

Several Defendants have since filed an Answer or otherwise responded to the Receiver's Complaint or have been dismissed from the case, and consequently, these Defendants are not in default. As a result, Rule 55 does not permit Entry of Default or Default Judgment against the following Defendants: Stephen Brittain, Dennis J. Zasadny, Dennis Roy Anderson, and William Stark, III.

Accordingly, the Receiver's Motions for Entry of Default and Motions for Default Judgment are well taken against the defaulting Defendants identified therein with the exceptions of Defendants Sorrell Insurance Agency, Mark R. Sutherland, Stephen Brittain, Dennis J. Zasadny, Dennis Roy Anderson, and William Stark, III.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Receiver's Motions for Entry of Default (Doc. #s 184, 261) be GRANTED in part and the Clerk of Court should be DIRECTED to Enter Default against the following Defendants:

   | | |
   |---|---|
   | Burch, Theresa Nadine | Ins. Center of Hot Springs |
   | Byrum, Lindsay | Maddox & Assoc. |
   | Cagle, Keith E. | McGuigan, Kevin |
   | Comstock, Robert | McKnight, Patrick C. |
   | DDH Legacy | Midkiff, Neulan |
   | Debt Free Solutions, Inc. | Patton, James |
   | Debt Free Solutions/Quick Tax Services | Rangeland Investments, Inc. |
   | Flikeid, William | Ritchie, Abijah |
   | Grisaffi, Lisa | West, Charles T. |
   | Growth, Health & Retirement | Williams, K. Barth |
   | Hankins, Altha M. | Zimmerman, John J. |

2. The Receiver's Motions for Entry of Judgment (Doc. #s 184, 261) be otherwise DENIED; and

3. The Receiver's Motions for Default Judgment (Doc. #s 183, 260) be GRANTED and Default Judgment should be entered in favor of Plaintiff and against the Defendants listed above in Recommendation number 1;

4. The Receiver's Motions for Default Judgment (Doc. #s 183, 260) be otherwise DENIED; and

5. Defendant Mark R. Sutherland be directed to file an Answer or otherwise respond to the Receiver's Complaint on or before a specific date.


July 17, 2006

                                            s/ Sharon L. Ovington
                                              Sharon L. Ovington
                                    United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).