**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| H. THOMAS MORAN II, Receiver of the Assets of LifeTime Capital, Inc. and Certain Affiliated Persons and Entities, | : : : | |
| Plaintiff, | : | Case No. 3:05CV071 |
| vs. | : | District Judge Thomas M. Rose Magistrate Judge Sharon L. Ovington |
| A/C FINANCIAL, INC., et al., | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATIONS[1]**

**I. BACKGROUND**

In 2004, before the present case began, H. Thayne Davis filed a case in this Court against LifeTime Capital, Inc. At that time, H. Thomas Moran II, ("Receiver") was appointed Receiver. *Davis v. LifeTime Capital, Inc.*, Case No. 3:04cv0059 (S.D. Ohio). Davis and more than 3,000 other individuals had together lost millions through investments in viatical life insurance contracts with LifeTime. The Receiver's Complaint raises claims under federal and Ohio securities laws, federal and Ohio racketeering laws, and various other claims under state laws.

The Receiver alleges in part that Defendants, "as LifeTime sales agents or brokers, were

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

the liaison between LifeTime and its source of money, the investors. Without the Defendants, the Ponzi scheme which LifeTime effectively became could not be sustained."[2] (Doc. #1 at ¶32). The Receiver's Complaint claims that LifeTime's viaticals were unregistered "securities" in violation of the Federal Securities Act of 1933, 15 U.S.C. §77, and Ohio Rev. Code §1707.44, and that Defendants engaged in other misconduct in violation of these statutes including: (1) failing to make appropriate disclosures to the investors; and (2) making materially false statements regarding viators' life expectancies and future premium payments to be made by LifeTime; and (3) making materially false statements regarding the unlikelihood that investors would ever be required to make future premium payments.

The Complaint also claims that Defendants violated the Federal Securities Act of 1934, 15 U.S.C. §78j(b), by making affirmative misrepresentations and unlawful omissions that were calculated to deceive investors through guarantees of high rates of return on investments with an absence of risk. According to the Receiver, Defendants failed to perform any meaningful due diligence (1) to ascertain that the investors' money would be placed in viaticals based upon legitimate and independently derived life expectancy analysis; or (2) to ascertain that the investors were matched with insurance policies that were not tainted by fraud in the procurement, which, if so tainted, would have subjected policies to rescission by insurance companies.

---

[2] A classic Ponzi scheme is a swindle in which some early investors succeed in obtaining large returns on investments. Rather than the product of legitimate income-generating activities, the payoffs to these investors is made from funds provided by later investors. The fact that some early investors obtained a large return on their investments is then used to encourage additional investors, who are often duped into investing ever-greater sums without realizing the ever-shrinking chance of getting any money back. Things get even worse for investors if the Ponzi schemer siphons money from the solicited funds for his or her ill-gotten gain. Ill-gotten because this inevitably strips the Ponzi scheme of its assets, the swindle collapses, and nearly all investors lose. *See, e.g, Knauer v. Jonathon Roberts Financial Group, Inc.*, 348 F.3d 230, 233 (7th Cir. 2003); *Cunningham v. Brown,* 265 U.S. 1, 13 (1924).

The Complaint further claims that Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 17 U.S.C. §§1962 and 1964(c), as well as Ohio's anti-racketeering statute, Ohio Rev. Code §2923.34, by engaging in a pattern of corrupt activities to their own benefit and to the benefit of LifeTime, a RICO enterprise. Each of the Receiver's remaining claims – fraudulent transfer, breach of fiduciary duty, negligence, unjust enrichment, common law fraud, breach of contract, civil conspiracy – are based on the same factual allegations concerning Defendants' knowing or negligent participation.

This matter is before the Court upon Motions for Special Appearance and Transfer of Venue Subject to the Special Appearance filed by Walter Wyatt (Doc. # 110); Ernest Bustos (Doc. # 132); Randy Toomey (Doc. # 134 );William Ploeger (Doc. # 136); Steven Caruso (Doc. # 138); Jose Garcia (Doc. #142 ); Steven Moerdyk (Doc. # 150); Thell Prueitt (Doc. # 157); Steven Lebaron (Doc. # 205); John Hinojosa (Doc. # 213); Ronald Steger (Doc. # 226); Senior Financial Management (Doc. # 227); Stanley Kramer (Doc. # 230); Paul C. Hensley (Doc. # 254); Craig Bass (Doc. # 266); Dennis Zasadny (Doc. # 271 ); Juan Garcia (Doc. # 272); Eva Quinones (Doc. # 273); Rodney Knappick (Doc. # 277 ); Leland W. Stanley (Doc. # 281); Timothy D. Hebert (Doc. # 290); Delores A. Wolterstorff (Doc. # 291); Audrey Demirjian (Doc. # 294); Philip A. Hales (Doc. # 306); Richard A. Wilson (Doc. # 337); James L. Brimble (Doc. # 444); Michael L. Heman (Doc. # 453); Stark & Associates, William H. Stark III (Doc. # 462); Winona G. Stark (Doc. # 463); Roy Tripi (Doc. # 498); Kendall Craig Travis (Doc. # 519); and the Receiver's Memorandum in Opposition (Doc. # 238, # 284, # 500, and, # 521). Also pending before the Court is the Receiver's Motion to Strike (Doc. # 544), and Mr. Bustos' multiple responses. (Doc.'s # 539, # 550).

**II.    ANALYSIS**

**A.    Motions for Special Appearance**

Each of the aforementioned Defendants have filed essentially identical motions entitled "Motions for Special Appearance and Transfer of Venue Subject to the Special Appearance." In order to object to a court's exercise of personal jurisdiction, it is no longer necessary to enter a "special appearance." Instead, "[a] defendant must attack the validity of service of process pursuant to Rule 12(b)." *Haile v. Henderson Nat'l Bank*, 657 F.2d 816, 820 n.4 (6th Cir. 1981). Accordingly, each Motion for Special Appearance should be denied.

**B.    The Receiver's Motion to Strike**

The Receiver moves to strike the response filed by Mr. Bustos purportedly on behalf of a group of pro se Defendants on the grounds that pursuant to Local Rule 7.2(a)(2), the response was filed far beyond the 11 day time period set forth in the rule. This alone is a sufficient basis to strike the response. Moreover, to the extent that Mr. Bustos is attempting to represent other parties, including corporations, it is well settled that corporations, partnerships, and associations cannot appear in federal court except through a licensed attorney. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993)(and cases cited therein; referring parenthetically to the "'long line of cases' from 1824 to the present...." so holding); *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). It is, moreover, insufficient that the person attempting to represent a business entity is one of its officers. *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970). Unlicensed lay persons may not represent anyone in federal court but themselves. *Eagle Assc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2nd Cir. 1991)(discussing 28 U.S.C. §1654). Only licensed attorneys may practice law. *Coleman Advertising, Inc. v. Visionmedia*, 2003 WL

345368 at *2 (6th Cir. Jan. 31, 2003)(citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385-86 (11th Cir. 1985); *Doherty*, 728 F.2d at 340. There is no evidence to suggest that Mr. Bustos is an attorney licensed to practice law before this Court. As such any attempt to represent others constitutes the unauthorized practice of law that should not be permitted. Accordingly, the Receiver's Motion to Strike should be granted.

### C. The Representative Agreements

Defendants seek dismissal of this case for several reasons including improper venue. Defendants alternatively seek a change of venue based on improper venue. As to the moving Defendants' requests to transfer this action, Plaintiffs submit that they have waived their right to challenge venue by virtue of the express terms of the Representative Agreement entered into between LifeTime and the respective brokers. Section 28 of the moving Defendants' Representative Agreements provide:

> The laws of the State of Nevada shall govern this agreement. Representative agrees that LifeTime Capital, Inc., may institute any action or legal proceeding against Representative arising out of or relating to this agreement in any state or federal court of jurisdiction in the USA. Representative irrevocably submits to the jurisdiction of said court and waives any objection he/she/it may have to either the jurisdiction or venue of such court.

Forum selection clauses similar to the one set forth above are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. *See The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S. Ct. 1907 (1972); *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1136 (6th Cir.1999). The Plaintiff herein, a duly appointed federal receiver, stands in the shoes of LifeTime and has the ability rely on the forum selection clauses contained in the Representative Agreements. *Javitch v. First Union Secs.*, 315 F. 3d 610, 628 (6th Cir. 2003). The Defendants are not consumers but rather

business persons. There is no evidence that they were unaware of what they agreed to regarding where LifeTime could file suit. They have not shown that enforcement of the forum selection clauses at issue would be unreasonable. The forum selection clause set forth in the Representative agreements compel the conclusion that venue is proper in this Court.

###  D. Venue Is Proper In The Southern District Of Ohio

Even in the absence of a forum selection clause in the Representative Agreement (the Receiver notes that a few Defendants either did not sign such an agreement or that they cannot be located) this Judicial Officer concludes that venue is proper in the Southern District of Ohio. Defendants contend that venue of this action in this Court is not proper because they do not transact business in this district and because they have not transacted business and are not residents of this district within the meaning of the applicable venue statute.[3] Because the record contains sufficient information at this point in the litigation to support the Court's exercise of personal jurisdiction over Defendants, venue is proper in the Southern District of Ohio. *See* 28 U.S.C. §§ 1391(a), (c).

Section 27 of the Securities Exchange Act of 1934 (the Securities Act), 15 U.S.C. § 78aa), provides plaintiffs with a number of possible venues in which to file an action. A plaintiff may file "wherein any act or transaction constituting a violation occurred...," or "in the district wherein the defendant is found or is an inhabitant or transacts business..." 15 U.S.C. § 78aa; *see Bourassa v. Desrochers*, 938 F.2d 1056, 1057 (9th Cir. 1991).

---

[3] This Court has personal jurisdiction over Defendants because § 78aa "confers personal jurisdiction in any federal district court over any defendant with minimum contacts to the United States." *United Liberty Life Ins. Co. v. Ryan,* 985 F.2d 1320, 1330 (6th Cir. 1993); *City of Monroe Retirement System v. Bridgestone,* 399 F. 3d 651(6th Cir. 2005). Defendants do not assert that they lack minimum contacts with the United States, but instead assert that they lack minimum contacts with Ohio in their attempt to show improper venue.

In a multi-defendants securities case, venue can be established under the co-conspirator venue theory. *Wash. Pub. Util. Group v. U.S. Dist. Court*, 843 F.2d 319, 328 (9th Cir. 1987).

> Under the co-conspirator venue theory, where an action is brought against multiple defendants alleging a common scheme of acts or transactions in violation of securities statutes, so long as venue is established for any of the defendants in the forum district, venue is proper as to all defendants. This is true even in the absence of any contact by some of the defendants in the forum district.

Id. (quoting *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985), *rev'd. on other grounds*, 503 U.S. 258 (1992)); *see S.E.C. v. Carriba Air, Inc.*, 681 F.2d 1318, 1323 (11th Cir. 1982); *Hilgeman v. National Ins. Co. of America*, 547 F.2d 298, 302 (5th Cir. 1977); *Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 620 (2nd Cir.), *cert. denied*, 393 U.S. 977 (1968); *Catholic Order of Foresters v. U.S. Bancorp Piper Jaffray,* Inc. 337 F. Supp 2d 1148 (N.D. Iowa 2004); Sovereign *Bank, F.S.B. v. Rochester Community Savings Bank*, 907 F. Supp. 123, 125 (E.D. Pa. 1995).

Venue of this case is proper in the Southern District of Ohio, because Plaintiff's factual allegations, if accepted as true, establish that non-resident Defendants " ... sold products issued and/or brokered by Ohio residents, directed investment applications and related and similar documents to LifeTime or related entities in Ohio and accepted commission payments from LifeTime or related entity in Ohio..." (Doc. # 1 at 3). Consequently, the co-conspirator venue theory supports that venue of this action is proper in the Southern District of Ohio under 15 U.S.C. § 78aa, even though it appears that at least some of the Defendants lack significant contacts with this District. *See*, *Wash. Pub. Util. Group,* 843 F.2d at 328 (and other cases cited *supra).*

Defendants contend that dismissal or transfer of venue to a District Court in Texas is appropriate under 28 U.S.C. § 1406(a), which provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).  Because venue is proper in the Southern District of Ohio, Defendants' reliance on § 1406(a) is misplaced.  *See Martin v. Stokes,* 623 F.2d 469, 472 (6th Cir. 1980) (transfer under § 1406(a) based not on inconvenience but on impropriety of original forum); *see also Bacik v. Peek*, 888 F. Supp. 1405, 1413 (N.D. Ohio 1993).

Accordingly, Defendants' Motions to Dismiss for Improper Venue lack merit.

### E. Transfer Of Venue Is Not Warranted

Defendants also seek to transfer venue to "Texas" under 28 U.S.C. § 1404(a), which provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).  "The purpose of allowing such transfers is to prevent the 'waste of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"  *Job Haines Home For The Aged v. Young*, 936 F. Supp. 223, 227 (D.N.J. 1996)(quoting in part *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).

Plaintiff contends that this case should not be transferred because venue is proper in the Southern District of Ohio. When considering whether to transfer venue of a case for the convenience of the parties and witnesses or in the interests of justice, the Court weighs the

following: "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Business Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir.), *cert. denied*, 502 U.S. 821 (1991). Significant factors may include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of unwilling, witnesses...; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Hanning v. New England Mut. Life Ins*. Co., 710 F. Supp. 213, 214 (S.D. Ohio 1989)(Graham, J.)(quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

"A Plaintiff's choice of forum is generally entitled to considerable weight and should not be disturbed unless the balance of factors is strongly in favor of the defendant." *Berman v. Informix Corp.,* 30 F. Supp.2d 653, 659 (S.D.N.Y. 1998); *Hanning,* 710 F. Supp. at 214 (citing *Nicol v. Koscinski*, 188 F.2d 537 (6th Cir. 1951)). Defendants, as the parties seeking to change venue, bear the burden of demonstrating that the above factors favor a transfer. *Hanning*, 710 F. Supp.at 215**.** Defendants carry a heavy burden to justify disturbing Plaintiff's choice of forum. *Gilbert*, 330 U.S. at 508. The defendant moving for transfer must, in essence, demonstrate "'that the transfer is in the best interest of the litigation.'" *Berman*, 30 F. Supp.2d at 656 (citations omitted).

Defendants have not satisfied their heavy burden of showing that a transfer to Texas is in the best interests of the litigation. They offer no rationale in support of transferring this case to Texas as opposed to any other number of states where Defendants reside. It appears that the central reason for the request to transfer to Texas is because that is where Mr. Bustos resides.

9

The factor that supports Plaintiff's choice of forum and tips the scales against a transfer is the presently ongoing and related litigation in this forum. "[O]ne of the most important factors considered by courts in evaluating a motion to transfer is the existence of similar litigation in the transferee district." *Berman*, 30 F. Supp.2d at 660. A Receiver has been appointed in this forum and many aggrieved investors reside in this forum.

Several other factors weigh against transfer. "The location of documents and ease of access to sources of proof weighs in favor of transfer." *Berman*, 30 F. Supp.2d at 658. All LifeTime corporate documents are located in the Southern District of Ohio.

Because all of these factors strongly weigh against a transfer, Defendants have not met their heavy burden of demonstrating that Plaintiff's choice of forum should be disturbed, that a transfer is in the best interest of the litigation, and that this case should be transferred to a District Court in Texas pursuant to 28 U.S.C. § 1404(a).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Motions for Special Appearance and Transfer of Venue Subject to the Special Appearance filed by Walter Wyatt (Doc. # 110); Ernest Bustos (Doc. # 132); Randy Toomey (Doc. # 134 );William Ploeger (Doc. # 136); Steven Caruso (Doc. # 138); Jose Garcia (Doc. #142 ); Steven Moerdyk (Doc. # 150); Thell Prueitt (Doc. # 157); Steven Lebaron (Doc. # 205); John Hinojosa (Doc. # 213); Ronald Steger (Doc. # 226); Senior Financial Management (Doc. # 227); Stanley Kramer (Doc. # 230); Paul C. Hensley (Doc. # 254 ); Craig Bass (Doc. # 266); Dennis Zasadny (Doc. # 271 ); Juan Garcia (Doc. # 272); Eva Quinones (Doc. # 273); Rodney Knappick (Doc. # 277 ); Leland W. Stanley (Doc. # 281); Timothy D. Hebert (Doc. # 290); Delores A. Wolterstorff (Doc. # 291); Audrey Demirjian (Doc. # 294); Philip A. Hales (Doc. # 306); Richard A. Wilson (Doc. # 337); James L. Brimble (Doc. # 444); Michael L. Heman (Doc. # 453); Stark & Associates, William H. Stark III (Doc. # 462); Winona G. Stark (Doc. # 463); Roy Tripi (Doc. # 498); Kendall Craig Travis (Doc. # 519); be DENIED, and

      2.      The Receiver's Motion to Strike (Doc. # 544) be GRANTED.

July 24, 2006

                                                      s/ Sharon L. Ovington  
                                                         Sharon L. Ovington  
                                            United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).