UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

H. THOMAS MORAN II, Receiver of
the Assets of LifeTime Capital, Inc. and
Certain Affiliated Persons and Entities,

        Plaintiff,

-vs-

A/C FINANCIAL, INC., et al.,

        Defendants.

Case No. CV-3-05-071

Judge Thomas M. Rose
Magistrate Judge Sharon L. Ovington

---

**ENTRY AND ORDER OVERRULING H. THOMAS MORAN II'S OBJECTIONS (Doc. #603) TO MAGISTRATE JUDGE SHARON L. OVINGTON'S REPORT AND RECOMMENDATIONS (Doc. #596) AND GRANTING THE MOTIONS TO DISMISS SUBMITTED BY THE FOLLOWING DEFENDANTS: THE HEARTLAND DEFENDANTS (Doc. #162); RAYMOND J. OTTOMEYER (Doc. #175); G. RUSSELL HAGAN, MATTHEW TODD MUSHLIN, GAIL C. FLANAGAN, MALCOM W. JENSEN, JR., TOMMY RUSHING AND STARKEY SORRELL DBA SORRELL INSURANCE AGENCY (Doc. #212); LEWIS MCBRIDE (Doc. #234); GREGG LAPLANT AND CHRIS CAMERON-KRAMER (Doc. #235, 236); DOUGLAS J. MCCAULEY (Doc. #240); DENNIS ROY ANDERSON, RANDY TIEFENTHALER, PAUL B. KNESE, PAUL B. KNESE, INC. AND ROSIE BRAZEL (Doc. #282); RICHARD HOLTAN AND FINANCIAL SERVICES & INVESTMENT CORPORATION (Doc. #349); AND MARCEL DUPUIS (Doc. #412)**

---

        This matter is before the Court pursuant to Objections (doc. #603) by H. Thomas Moran II (the "Receiver") to the Report and Recommendations of Magistrate Judge Sharon L. Ovington (doc. #596). Magistrate Judge Ovington recommends that motions to dismiss submitted by several defendants be granted.

        The District Judge has reviewed the findings of Magistrate Judge Ovington and has also made a de novo review of the record in this case pursuant to 28 U.S.C. § 636(b) and

Fed.R.Civ.P. 72(b). Upon consideration of the foregoing, the Court finds that the Receiver's Objections are not well-taken and they are hereby OVERRULED.

Pursuant to this Court's review, two of the Receiver's objections merit further discussion. First, the Receiver argues that the Magistrate Judge incorrectly computed the time period for statute-of-limitations purposes between when the Complaint in *Davis v. LifeTime* was filed and when this case was filed. However, the filing of the Complaint in *Davis v. LifeTime* is irrelevant because the statute of limitations began to run on October 17, 2003, the date of the Justice Department letter that served as a "storm warning" and, therefore, started the running of the statute of limitations.

Second, the Receiver argues that the one-year statute of limitations and the three-year statute of repose set forth in 15 U.S.C. §77m and applied by the Magistrate Judge were replaced by new statutes of limitations and repose set forth in the Sarbanes-Oxley Act. However, the statutes of limitations and repose in Sarbanes-Oxley are not to be applied retroactively. *See Foss v. Bear, Stearns & Co., Inc.*, 394 F.3d 540, 542 (7th Cir. 2005); *In re Enter. Morg. Acceptance Co., LLC Sec. Litig.*, 391 F.3d 401, 411 (2d Cir. 2004); *Wuliger v. Owens*, 365 F.Supp.2d 838, 846 (N.D.Ohio 2005). However, if they were, the Receiver's claims would still be untimely.

Sarbanes-Oxley provides that claims of fraud, deceit, manipulation or contrivance in contravention of a regulatory requirement concerning the securities laws may be brought not later than **the earlier of** (1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation. *Wuliger*, 365 F.Supp.2d at 846. In this case, the Complaint was brought in February 22, 2005, the facts were discovered (the "storm warning") on October 17, 2003, and the latest identified violation was in April, 1999. Two years after discovery of the

facts (the "storm warning") ends on October 17, 2005 and five years after the last-identified violation ends in April, 2004. The earlier of the two is April 2004 and the Complaint in this matter was not brought until February 2005. Therefore, the timeliness of the Complaint does not satisfy the new time limitations set forth in Sarbanes-Oxley. Having discussed two of the Receiver's objections, the analysis turns to the conclusions.

      Pursuant to this Court's de novo review in accordance with 28 U.S.C. § 636(b) and Fed.R.Civ.P. 72(b), the Magistrate Judge's Recommendations are adopted in their entirety. The Heartland Defendants' Motion To Dismiss (doc. #162); Defendant Raymond J. Ottomeyer's Motion To Dismiss (doc. #175); Defendants G. Russell Hagan, Matthew Todd Mushlin, Gail C. Flanagan, Malcom W. Jensen, Jr., Tommy Rushing and Starkey Sorrell's Motion To Dismiss (doc. #212); Defendant Lewis McBride's Motion To Dismiss (doc. #234); Defendants Gregg Laplant and Chris Cameron-Kramer's Motion To Dismiss (doc. #235, 236); Defendant Douglas J. McCauley's Motion To Dismiss (doc. #240); Defendants Dennis Roy Anderson, Randy Tiefenthaler, Paul B. Knese, Paul B. Knese, Inc, and Rosie Brazel's Motion To Dismiss (doc. #282); Defendants Richard Holtan and Financial Services & Investment Corporation's Motion To Dismiss (doc. #349); and Defendant Marcel Dupuis' Motion To Dismiss (doc. #412) are GRANTED.

      The Receiver's federal and state securities claims and state fraud claims in the First, Second, Third, Ninth, Tenth and Eleventh Claims for Relief fail to allege fraud with the necessary particularity and are DISMISSED with prejudice. Also, these claims against the Heartland Defendants' are barred by the applicable statute of limitations/repose.

The Receiver's federal and Ohio racketeering claims in the Sixth and Seventh Claims for Relief fail to state a claim upon which relief can be granted. They are, therefore, DISMISSED with prejudice.

The Receiver's claims against the Heartland Defendants under Ohio law - to the extent such claims are raised in the Receiver's Fourth, Fifth, Eighth, Tenth, Eleventh and Twelfth Claims for Relief - are barred by the one-year limitation provision in the Lender Agreements and are, therefore, DISMISSED with prejudice. Finally, Receiver's Fourth, Fifth, Eighth and Eleventh Claims for Relief based on state law are dismissed without prejudice.

**DONE** and **ORDERED** in Dayton, Ohio, this 29th day of September, 2006.

***s/THOMAS M. ROSE**

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE