# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| H. THOMAS MORAN II, Receiver of the Assets of LifeTime Capital, Inc. and Certain Affiliated Persons and Entities, | : : | |
| Plaintiff, | : | Case No. 3:05CV071 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| A/C FINANCIAL, INC., et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

This matter is before the Court upon Motion for Clarification filed on behalf of Defendants, Greg LaPlant and Chris Cameron-Kramer (Doc. # 622 and # 623). Defendants request clarification regarding the Receiver's Eleventh and Twelfth Claims for Relief. The Receiver has not responded to the motions.

The Eleventh Claim for Relief alleges Breach of Contract and the Twelfth Claim for Relief alleges Civil Conspiracy. (Doc. # 1 at 19-20). The intent of the original Report and Recommendation was to dismiss, with prejudice, all fraud-based state law claims for failure to plead fraud with particularity. As to the Civil Conspiracy claim the Complaint alleges in pertinent part:

> As to some of the Defendants, they were essentially insiders of LifeTime and otherwise had a relationship with Svete allowing them to be party to his fraudulent

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

scheme.The Defendants to which the prior paragraph refers conspired with Svete and others to fraudulently solicit Investment Dollars from Investors to their own benefit.(Doc. # 1 at  20).

The Twelfth Claim for Relief sounds in fraud and for the reasons set forth in the undersigned's Report and Recommendation, it is recommended that this claim be dismissed with prejudice. The Eleventh Claim for Relief, however, is based on state law breach of contract and not based on fraud and should therefore be dismissed without prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Greg LaPlant and Chris Cameron-Kramer's Motions for Clarification be GRANTED (Doc. # 622 and # 623); and,

2. The Receiver's Twelfth Claim for Relief should be dismissed with prejudice and the Receiver's Eleventh Claim for Relief should be dismissed without prejudice.

November 7, 2006

                                                     s/ Sharon L. Ovington
                                                      Sharon L. Ovington
                                           United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).