**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| H. THOMAS MORAN II, Receiver of the Assets of LifeTime Capital, Inc. and Certain Affiliated Persons and Entities, | : : | |
| Plaintiff, | : | Case No. 3:05CV071 |
| vs. | : | District Judge Thomas M. Rose Magistrate Judge Sharon L. Ovington |
| A/C FINANCIAL, INC., *et al.*, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATIONS[1]**

This case is before the Court upon Defendant Pinnacle Advisory Group, LLC's Motion to Dismiss for Failure to State a Claim and Lack of Jurisdiction (Doc. #545), the Receiver's Memorandum in Opposition (Doc. #585), and the record as a whole.

Defendant Pinnacle Advisory raises the following general arguments: (1) the Receiver's claims under Section 12(a) of the Securities Act of 1933 and Section 10(b) of the Securities Act of 1934, and the Receiver's state law claims of fraudulent transfer and fraud, fail to meet the heightened pleading requirement of the Private Securities Litigation Reform ("PSLRA") and Fed. R. Civ. P. 9(b); (2) the Receiver's federal securities claims are also barred by the applicable one-year statute of limitations; (3) the Receiver's claims for violation of the Racketeer Influence and Corrupt Organizations Act ("RICO") fail to meet RICO's pleading requirements; (4) the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Receiver's remaining state law claims are barred by the statutes of limitations and repose; and (5) this Court lacks personal jurisdiction over Defendant Pinnacle Advisory. Defendant Pinnacle Advisory thus seeks dismissal under Fed. R. Civ. P. 12(b)(6) on the ground that the Complaint fails to state a claim upon which relief can be granted, and alternatively, under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

      This Report incorporates by reference the Report and Recommendations previously filed in this case on August 29, 2006 (Doc. #596), which has been fully adopted (Doc. #621). The issues addressed and resolved in the prior Report and Recommendations are substantially identical to those raised in Defendant Pinnacle Advisory's present Motion to Dismiss and in the Receiver's Memorandum in Opposition. For the reasons fully discussed in the prior Report and Recommendations (Doc. #296), the Receiver's factual allegations in support of his claims under Section 12(a) of the Securities Act of 1933 fail to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b); the Receiver's factual allegations in support of his claims under Section 10(b) of the Securities Act of 1934 fail to meet the heightened pleading requirement of the PSLRA and Fed. R. Civ. P. 9(b); the Receiver's state law claims for fraudulent transfer and fraud fail to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b); the Receiver's Complaint fails to state violations of RICO and similar claims under Ohio statutory law; the Receiver's federal securities claims are barred by the applicable one year statute of limitations and the three year statue of repose set forth in 15 U.S.C. §77m; and the Receiver's remaining claims under Ohio law are barred by the one year limitations period set forth in the Lender Agreements. In light of these conclusions, there is no need at this time to address Defendant Pinnacle Advisory's contentions regarding lack of personal jurisdiction.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendant Pinnacle Advisory Group, LLC's Motion to Dismiss for Failure to State a Claim (Doc. #545) be GRANTED.

February 8, 2007

s/ Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).