UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

H. THOMAS MORAN II, Receiver of
the Assets of LifeTime Capital, Inc. and
Certain Affiliated Persons and Entities,

          Plaintiff,

Case No. CV-3-05-071

-vs-

A/C FINANCIAL, INC., et al.,

Judge Thomas M. Rose
Magistrate Judge Sharon L. Ovington

          Defendants.

_____

ENTRY AND ORDER OVERRULING IN PART AND GRANTING IN PART
THE RECEIVER'S OBJECTIONS (Doc. #701) TO THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATIONS AND ADOPTING THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #682) GRANTING
DEFENDANT PINNACLE ADVISORY GROUP'S MOTION TO DISMISS (Doc. #545)
_____

This matter is before the Court pursuant to Objections (doc. #701) by H. Thomas Moran II (the "Receiver") to the Report and Recommendations of United States Magistrate Judge Sharon L. Ovington (doc. #682) regarding Defendant Pinnacle Advisory Group, LLC's ("Pinnacle's") Motion To Dismiss for Failure To State a Claim and Lack of Jurisdiction (doc. #545). Magistrate Judge Ovington recommends that Pinnacle's Motion To Dismiss be granted.

The District Judge has reviewed the findings of Magistrate Judge Ovington and has also made a de novo review of the record in this case pursuant to 28 U.S.C. § 636(b) and Fed.R.Civ.P. 72(b). Upon consideration of the foregoing, the Court finds that the Receiver's Objections are GRANTED IN PART and OVERRULED IN PART.

Pursuant to this Court's review, one of the issues raised by the Receiver merits further discussion. The Receiver argues that the one-year statute of limitations and the three-year statute of repose set forth in 15 U.S.C. § 77m and the associated caselaw applied by the Magistrate Judge were replaced by new statutes of limitations and repose set forth in the Sarbanes-Oxley Act (the "SOA").

In a prior Entry and Order (doc. #621), this Court determined that the statutes of limitations and repose in the SOA are not to be applied retroactively. However, this is not a complete analysis and the retroactivity of the statutes of limitations and repose in the SOA needs to be discussed further.

Applicable Statute of Limitations and Statute of Repose

Prior to enactment of the SOA, federal securities litigation was required to be initiated within one year after discovery **and** within three years after the violation. *Lieberman v. Cambridge Partners, L.L.C.*, 432 F.3d 482, 486 (3d Cir. 2005). As part of the SOA, Congress amended the existing statute-of-limitation and statue-of-repose periods. *Id.* The SOA provides that litigation must be brought not later than the earlier of two years after the discovery **or** five years after the violation. *Id.* at 487 (citing Public Company Accounting Reform and Investor Protection Act of 2002, Pub.L. No. 107-204 § 804, 116 Stat. 745, 801, codified in part at 28 U.S.C. § 1658(b)). In addition, the SOA provides that these new limitation periods "shall apply to all proceedings addressed by this section that are commenced on or after the [July 30, 2002] date of enactment." *Id.* Finally, the SOA provides that "[n]othing in this section shall create a new, private right of action. *Id.*

The retroactivity language in the SOA thus creates an issue of which set of limitations are to be used, those in place prior to enactment of the SOA or those found in the SOA. Retroactive application of the SOA has the potential to reach two groups of cases. The first is a group on which one of the previous statutes had run at the time the SOA was enacted. For this group, the cause of action would have been extinguished at the time the SOA was enacted. The second group includes cases on which neither of the previous statutes had run at the time of enactment of the SOA. For this group, the cause of action would not have been extinguished at the time the SOA was enacted.

Regarding the first group of cases, the Second, Third, Fourth, Fifth, Seventh and Eighth Circuits have found that the SOA does not revive previously extinguished causes of action. *Id.* at 551. *But see Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1281082 (11th Cir. 2005) (disagreed with other circuits and remanded for further fact-finding). Relying upon and adopting the well-reasoned opinion in *In re Enterprise Mortgage Acceptance Co., LLC, Securities Litigation*, 391 F.3d 401, 411 (2d Cir. 2004), this Court elects to follow the majority of Circuit Courts and conclude that the new statutes of limitations and repose found in the SOA do not revive previously extinguished causes of action. Thus, the one-year statute of limitation and the three-year statute of repose apply to the group of cases where either of these statutes had expired at the time of enactment of the SOA.[1]

The second group of cases are those wherein neither the one-year statute of limitations nor the three-year statute of repose had run at the time the SOA was enacted. For this group, the

---

[1] If either the statute of limitations or the statute of repose had expired, the right of action had expired because the previous limitations required that the litigation be initiated within one year after the discovery **and** within three years after the violation. *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350 (1991).

SOA includes specific language. The two-year statute of limitations and the five-year statute of repose apply to proceedings commenced on or after the SOA's enactment date of July 30, 2002. *Id.* at 550 (citing Pub.L. No. 107-204, 116 Stat. 745, 801 (2002)). Therefore the new statutes of limitation and repose set forth in the SOA apply to proceedings commenced on or after July 30, 2002, in which neither the one-year statute of limitations nor the three-year statute of repose had run as of July 30, 2002. If either the one-year statute of limitations or the three-year statute of repose had expired, the effect of applying the new SOA provisions would be to create a new, private cause of action which is forbidden by the SOA.

## Analysis

In this case, the Complaint was filed on February 22, 2005, well after the enactment of the SOA. Therefore, the SOA applies and the applicability of its statutes of limitations and repose must be considered.

As this Court has previously determined, the statute of limitations on the Receiver's federal securities claims began to run, at the earliest, on August 1, 2003, the date of a Justice Department letter which informed investors about the FBI's investigation of LifeTime. Therefore, the previous one-year statute of limitations had not run when the SOA was enacted. Further, there is evidence that Pinnacle sold a TimeLife product on April 20, 2000. Therefore the previous three-year statute of repose, with regard to Pinnacle, had not run when the SOA was enacted. Since neither the one-year statute of limitations or the three year statute of repose had run when the SOA was enacted. the Receivers claim against Pinnacle had not been extinguished and the SOA's two-year statute of limitations and five-year statute of repose apply.

## Conclusion

Pursuant to the SOA, a complaint may be brought not later than two years after the discovery of the facts constituting the violation **or** five years after the violation. In this case, the complaint was brought on February 22, 2005 which is not more than two years after the facts constituting the violation could have been discovered and is also not more than five years after the violation. Therefore, neither the SOA statute of limitations or the SOA statute of repose prevent the Receiver's complaint from being considered. On this matter, the Receiver's objection is well-founded.

However, even though not time barred, the Receiver's federal securities law claims against Pinnacle must be dismissed for another reason. The Receiver's Complaint fails to plead the federal securities fraud claims with the required particularity.[2]

Pursuant to this Court's de novo review in accordance with 28 U.S.C. § 636(b) and Fed.R.Civ.P. 72(b), the Receiver's Objections (doc. #701) to the Magistrate Judge's Report and Recommendation are GRANTED IN PART and OVERRULED IN PART. Further, Defendant Pinnacle Advisory Group, LLC's Motion To Dismiss for Failure To State a Claim (doc. #545) is GRANTED.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Ninth day of March, 2007.

                                                            **s/Thomas M. Rose**

                                                         THOMAS M. ROSE
                                          UNITED STATES DISTRICT JUDGE

Copies furnished to:

---

[2] This same reasoning applies to the defendants' claims at issue in this Court's previous Entry and Order where the statutes of limitation and repose were discussed. Regardless of the status of the statutes of limitation and repose with regard to those claims, they must remain dismissed because the Receiver's Complaint fails to plead the federal securities law claims with the required particularity.

Counsel of Record