# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| H. THOMAS MORAN II, Receiver of the Assets of LifeTime Capital, Inc. and Certain Affiliated Persons and Entities, | : : | |
| Plaintiff, | : | Case No. 3:05CV071 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| A/C FINANCIAL, INC., *et al.*, | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATIONS[1]

This matter is before the Court upon Defendant, Lewis D. McBride's Motions for Entry of Judgment under Rule 54 (b) (Doc. #627) and Motion for Attorney Fees (Doc. #628). Also pending, Defendants Chris Cameron-Kramer and Gregg LaPlant's Motion for Certificate of Appealability (Doc. #676) and the Receiver's Response (Doc. # 650).

**I.     Rule 54(b) Motions**

Defendants seek an order from the Court entering final judgment. They argue that the claims against them have been fully resolved and there is no just reason for delay. The power of a district court to enter a separate final judgment on any claim or counterclaim, after making an express determination that there is no just reason for delay, is discretionary. *Reiter v. Cooper*, 507 U.S. 258, 265 (1993). Consideration of this issue is governed by Rule 54 of the Federal

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Rules of Civil Procedure. Rule 54(b) provides:

>  **(b) Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

As a general rule, a judgment entered as to less then all claims or as to less than all parties to a lawsuit, is not a final appealable order. However, pursuant to Rule 54(b) a district court may make a determination that there is no just reason for delay and enter final judgment as to fewer than all parties or claims.  The Defendants point out that all claims against them have been fully resolved. (Doc. # 621, # 664).  The threshold issue therefore is whether there is no just reason for delay.

The Sixth Circuit has set forth the following nonexhaustive list of factors which a district court should consider when making a Rule 54(b) determination:

>  (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*General Acquisition, Inc., v. Gencorp, Inc.*, 23 F. 3d 1022, 1030 (6th Cir. 1994). The Sixth Circuit has noted: ""Although Rule 54(b) relaxes the traditional finality requirement for appellate review, it does not tolerate immediate appeal of every action taken by a district court. *Id.* at 1026. Rule 54(b)

"attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Solomon v. Aetna Life Ins. Co.,* 782 F. 2d 58, 60 (6th Cir. 1986).

The Defendants argue that a finding of no just reason for delay is necessary here because otherwise they will "...keep this matter hanging over their heads for what could be several years." (Doc. # 676 at 2). However, the Receiver correctly notes there are other defendants who have raised similar issues which have yet to be decided. A finding of no just reason for delay against the moving defendants would in all likelihood create multiple appeals and unwarranted expense. In the instant case, separate piecemeal appeals during this litigation would be inefficient and uneconomical, contrary to the general rule favoring one appeal on all issues at the conclusion of the lawsuit. In balancing the needs of the parties for an immediate appeal against the interest of efficient management of this litigation strongly cautions against entry of final judgment. Accordingly, the Defendants Rule 54(b) motions should be denied.

## II. Motion for Attorney Fees

Defendant, Lewis D. McBride ("McBride") seeks an award of attorney fees pursuant to Ohio Revised Code  § 2923.34(H). (Doc. #628). In his motion, McBride states "[t]his motion should be reached only if the Court grants the motion to certify the decision granting the Motion of McBride to Dismiss for failure to state a claim for relief and for lack of personal jurisdiction as final pursuant to Fed. R. Civ. P. 54." (Doc. # 628 at 4).

In the event that the District Court should conclude that a Rule 54(b) judgment should be entered in favor of McBride, it is respectfully recommended that McBride's Motion for Attorney Fees be denied. As set forth by the Receiver in his Response, it is appropriate for a trial court to

decline to exercise its discretion to award attorney fees pursuant to R.C. § 2923.34(H), especially where a plaintiff's claims are brought in good faith to recover damages actually suffered. (Doc. # 643 at 3). The Receiver brought multiple claims against McBride in good faith. At the time of the filing of the complaint, there were issues concerning whether viaticals were securities. *Wuliger v. Eberle*, 414 F. Supp. 814, 819-24 (N.D. Ohio 2006). It was reasonable for the Receiver to plead in the alternative under these circumstances. McBride's Motion for Attorney Fees should be denied.

### IT IS THEREFORE RECOMMENDED THAT:

1. Defendant, Lewis D. McBride's Motion for Entry of Judgment under Rule 54 (b) (Doc. #627) and Defendants' Chris Cameron-Kramer and Gregg LaPlant's Motion for Certificate of Appealability (Doc. #676) be DENIED; and,

2. Defendant, Lewis D. McBride's Motion for Attorney Fees (Doc. #628) be DENIED.


August 6, 2007

                s/ Sharon L. Ovington
                Sharon L. Ovington
               United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).