# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| H. THOMAS MORAN II, Receiver of the Assets of LifeTime Capital, Inc. and Certain Affiliated Persons and Entities, | : : | |
| Plaintiff, | : | Case No. 3:05CV071 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| A/C FINANCIAL, INC., *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

This matter is before the Court upon Motions to Dismiss for failure to state a claim upon which relief may be granted and for lack of jurisdiction filed by Ernest Bustos (Doc. #629); Thell G. Prueitt (Doc. #680); Steven N. Moerdyk (Doc. #681); Randy Toomey (Doc. #686); Dennis J. Zasadny (Doc. #687); William G. Ploeger (Doc. #688); Roy Tripi (Doc. #689); Leland W. Stanley Jr. (Doc. #690); Stark & Associates (Doc. #691); Paul C. Hensley (Doc. #693); Steven E. LeBaron (Doc. #694); Ronald Steger (Doc. #698); Senior Financial Management (Doc. #699); Timothy D. Herbert (Doc. #700); William H. Stark III (Doc. #704); Winona G. Stark (Doc. #705); Michael L. Heman (Doc. #706); Craig Noel Bass (Doc. #708); Delores A. Wolterstorff (Doc. #709); Eva M. Quinones (Doc. #720); Juan C. Garcia (Doc. #721); Steven Caruso (Doc. #722); Audrey Demirjian (Doc. #724); Philip A. Hales (Doc. #762); Jose A. Garcia

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

(Doc. #763)("the Moving Defendants"). Also before the Court are H. Thomas Moran II's, (the "Receiver") respective Memorandum In Opposition (Doc. #641, #766, #739, #743), the Moving Defendants' Response (Doc. #746, #747, #748, #749, #750, #751, #752, #753, #754, #755, #756, #757, #758), and the record as a whole.

**I.     INTRODUCTION**

The prior history of this case is set forth in the Report and Recommendation filed on August 29, 2006 (Doc. # 596), and is incorporated herein. The Receiver's claims, in general, alleged federal securities law and civil RICO violations as well as numerous state and common law contract and tort claims. The moving Defendants were individuals or entities who sold LifeTime Capital contracts and in response to the allegations against them, filed responsive pleadings moving to dismiss for lack of personal jurisdiction and for change of venue. On August 15, 2006, the District Court denied the motions. (Doc. # 586).

Thereafter, the Moving Defendants filed motions for dismissal of the Receiver's Complaint for failure to state a claim upon which relief may be granted.  They essentially argue that the Receiver's Complaint should be dismissed for lack of personal jurisdiction, for failure to comply with the applicable statute of limitations and/or statute of repose; for failure to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b) and state a claim under the Private Securities Litigation Reform Act ("PSLRA"), and failure to state a claim under the federal RICO statute. The Receiver argues that the Moving Defendants' arguments "... either have been argued and rejected before or were not asserted when the time for doing so presented itself..." (Doc. # 641 at 1).

## II. ANALYSIS

### 1. Dismissal for lack of personal jurisdiction

The Moving Defendants again move for dismissal based upon the argument of lack of personal jurisdiction. This issue has been previously raised and rejected. (Doc. #571, Doc. #586). The Moving Defendants offer no new arguments regarding this issue and as such, dismissal for lack of personal jurisdiction is not warranted.

### 2. Dismissal for failure to comply with the applicable statute of limitations and/or statute of repose

The Moving Defendants argue that the Receiver's federal securities law claims are barred by the applicable statute of limitations. The Receiver argues that the Moving Defendants waived the statute of limitations/statute of repose defense included in their Motions to Dismiss, because they failed to plead the timeliness defenses in their original pleadings.

It is well-settled that "[a] response to a pleading must set forth any matter constituting an affirmative defense." *Horton v. Potter* (6th Cir. 2004), 369 F.3d 906, 911 (citing Fed. R. Civ. P. 8(c)). "Failure to plead an affirmative defense in the first responsive pleading to a complaint generally results in a waiver of that defense." *Id.* (citing *Haskell v. Washington Twp.* (6th Cir. 1988), 864 F.2d 1266, 1273).

There is no question that the Moving Defendants failed to raise the statute of limitations/statute of repose in their first responsive pleading as required by the civil rules. The statute of limitations is an affirmative defense that must be properly raised. *Broadcast Music, Inc. v. Roger Miller Music, Inc.*, 396 F.3d 762, 783 (6th Cir. 2005). Because failure to comply with an applicable statute of limitations/statute of repose are clearly affirmative defenses which must be raised, the Moving Defendants have waived those affirmative defenses by not including

them in their first responsive pleadings filed with the Court.

The Moving Defendants correctly point out that the failure to raise an affirmative defense by responsive pleading does not always result in waiver. *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997); *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993). Courts look to the purpose of Fed. R. Civ. P. 8(c) which is to give the opposing party timely notice of the affirmative defense and an opportunity to respond. *Smith*, 117 F.3d at 969; see also *Stupak-Thrall v. Glickman*, 346 F.3d 579 (6th Cir. 2003) (explaining that the party opposing the statute of limitations defense is not prejudiced when they "had a fair opportunity to respond" and were not "unfairly surprised").

Accordingly, a number of courts have allowed an affirmative defense to be raised after the first responsive pleadings where the opposing party had notice and did not demonstrate prejudice. *Old Line Life Ins. Co. v. Garcia*, 418 F.3d 546, 549 (6th Cir. 2005); *Sushka*, 117 F.3d at 969; *Belluardo v. Cox Enters., Inc.*, 157 Fed. Appx. 823, 2005 U.S. App. LEXIS 24975, *17-18 (6th Cir. Nov. 18, 2005). "If a [party] receives notice of an affirmative defense by some means other than pleadings, the [opposing party's] failure to comply with Rule 8(c) does not cause … any prejudice." *Huss v. King Co.*, 338 F.3d 647, 651 (6th Cir. 2003).

However, even assuming that the Moving Defendants did not waive their statute of limitations/statute of repose defenses, dismissal on this basis is not warranted. The Moving Defendants argue that the Receiver's complaint is time barred based on the one-year statute of limitation or the three-year statute of repose set forth in 15 U.S.C.§77m. (Doc. # 629 at 14). The District Court has concluded that the two-year statute of limitations and five-year statute of repose apply. (Doc. # 745). As such, the Moving Defendants contentions that the one-year

statute of limitation and three-year statute of repose apply should be rejected.

> **3. Dismissal for failure to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b); failure to state a claim under the Private Securities Litigation Reform Act ("PSLRA") and Civil RICO.**

According to the Receiver, the Moving Defendants waived any objection to the Receiver's Complaint based on the failure to plead with specificity requirements of Fed. R. Civ. P. 9(b) and the PSLRA when they failed to raise that issue in their first responsive pleadings.

The Receiver relies on *United Nat'l Records, Inc. v. MCA, Inc.* (N.D.Ill. 1984), 609 F. Supp. 33 in support. In *United Nat'l Records,* the court stated: "[a] party who fails to raise a Rule 9(b) objection normally waives the requirement.", *Id.* at 38-39 (citing J. Moore, *Moore's Federal Practice* para. 9.03 (2d ed. 1984) and cases cited therein).The Receiver also cites to the decision of Chief Judge Beckwith in *U.S. ex rel. Klump v. Dynamics Corp. of Am.* (S.D.Ohio 1999), 1999 U.S. Dist. LEXIS 6347, *5 (Recognizing possibility that Rule 9(b) objection may be waived in False Claim Act case).

In *United National Records*, supra, the district court analogized objections to the sufficiency of a pleading under Fed. R. Civ. P. 9(b) to Fed. R. Civ. P. 12(b) motions. The district court went on to apply similar time limits applicable to Rule 12(b) motions to a Rule 9(b) objection and found the objection had been waived in that case. *Id*. at 38-39.

The current version of Fed. R. Civ. P 12 (h)(2) however, specifically provides that the defense of failure to state a claim upon which relief can be granted, may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits. Thus, the defense of failure to state a claim upon which relief may be granted is expressly preserved against waiver. *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 610 (6th Cir.

1995) (Failure to state a claim for which relief can be granted is not waived and may even be made at the trial on the merits). Therefore, a defendant need not assert in its answer a defense that plaintiff has failed to state a claim upon which relief can be granted. *Id*. at 610-11.

The Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §780-4, *et seq* imposes additional and stricter pleading standards than Rule 9(b). Under the PSLRA, a securities fraud complaint must (1) "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." and (2) "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(1) and (2). Thus, even assuming that a Rule 9(b) waiver has occurred, the Moving Defendants are entitled to raise the failure to state a claim defense at any point up to trial.

Each of the Moving Defendants have moved for dismissal for failure to state a claim under the PSLRA. In essence, this court has previously concluded that the group pleading doctrine cannot avoid the heightened pleading standards of the PSLRA and that the heightened pleading requirements of the PSLRA have not been satisfied in Plaintiff's Complaint.(Doc. # 596, as adopted by the District Court (Doc. # 621). Recently, the United Sates Supreme Court in *Tellabs, Inc., v. Makor Issues & Rights, LTD.,* 127 S. Ct. 2499,___U.S.___ (2007) refused to disturb the Seventh Circuit's conclusion that the group pleading doctrine does not survive the PSLRA although noting a split in the Circuits regarding the issue. *Id.* at 2511, footnote 6. The renewed arguments of the Receiver regarding the PSLRA claims which have been previously resolved should be rejected.

The Moving Defendants also move to dismiss the federal RICO claims made under Title 18 U.S.C. §1964 for failure to state a claim upon which relief may be granted. This civil RICO statute was amended to exclude predicate acts related to fraud in the sale of securities. *Snowden v. Lexmark Intern., Inc.,* 237 F. 3d 620, 625 (6th Cir. 2001). The Complaint fails to state a federal RICO claim because it rests on allegations of fraud in the sale of securities and as such the federal RICO claims should be dismissed.

  **4.**  **The remaining state law claims**

The Moving Defendants assert that pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if a court dismisses all claims over which it has original jurisdiction. This contention is well-taken. All remaining state law claims should be dismissed without prejudice.

**IT IS THEREFORE RECOMMENDED THAT:**

The Motions to Dismiss for failure to state a claim upon which relief may be granted filed by Ernest Bustos (Doc. #629); Thell G. Prueitt (Doc. #680); Steven N. Moerdyk (Doc. #681); Randy Toomey (Doc. #686); Dennis J. Zasadny (Doc. #687); William G. Ploeger (Doc. #688); Roy Tripi (Doc. #689); Leland W. Stanley Jr. (Doc. #690); Stark & Associates (Doc. #691); Paul C. Hensley (Doc. #693); Steven E. LeBaron (Doc. #694); Ronald Steger (Doc. #698); Senior Financial Management (Doc. #699); Timothy D. Herbert (Doc. #700); William H. Stark III (Doc. #704); Winona G. Stark (Doc. #705); Michael L. Heman (Doc. #706); Craig Noel Bass (Doc. #708); Delores A. Wolterstorff (Doc. #709); Eva M. Quinones (Doc. #720); Juan C. Garcia (Doc.

#721); Steven Caruso (Doc. #722); Audrey Demirjian (Doc. #724); Philip A. Hales (Doc. #762); Jose A. Garcia (Doc. #763) be GRANTED.


August 10, 2007

                     s/ Sharon L. Ovington
                      Sharon L. Ovington
                  United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).