# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| H. THOMAS MORAN II, Receiver of the Assets of LifeTime Capital, Inc. and Certain Affiliated Persons and Entities, | : : | |
| Plaintiff, | : | Case No. 3:05CV071 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| A/C FINANCIAL, INC., et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

This matter is before the Court upon Defendant, Rangeland Investments Inc.,'s ("Rangeland") Motion to Dismiss for Failure to State a Claim (Doc. # 707), Plaintiff's Motion to Strike Rangeland's Motion to Dismiss (Doc. # 742), Rangeland's Motion to Set Aside Default Judgment (Doc. # 761) and Plaintiff's Memorandum in Opposition (Doc. # 764).

The motions filed on behalf of Rangeland were signed by Craig Noel Bass. It is well settled that a corporation may appear in federal court only by counsel and cannot appear through an unlicensed officer. *Ginger v. Cohn*, 426 F. 2d 1385, 1386 (6th Cir. 1970). "An officer of a corporation, who is not a licensed attorney, is not authorized to make an appearance in this Court on behalf of the corporation." *Id.* As the Supreme Court stated in *Rowland v. California Men's Colony*, 506 U.S. 194, 113 S. Ct. 716 (1993): "[i]t has been the law for the better part of two

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

centuries... that a corporation may appear in the federal courts only through licensed counsel. *Id.* at 201-202.

Since Rangeland's motions were filed by Craig Noel Bass and there is no indication that he is an attorney licensed to practice law, Rangeland's motions should be denied without prejudice to renewal by licensed counsel. Accordingly, the Plaintiff's Motion to Strike should be denied as moot.

### IT IS THEREFORE RECOMMENDED THAT:

1. Defendant, Rangeland Investments Inc.,'s Motion to Dismiss for Failure to State a Claim (Doc. # 707) and Rangeland Investment Inc.'s Motion to Set Aside Default Judgment (Doc. # 761) be DENIED without prejudice to renewal; and,

2. Plaintiff's Motion to Strike Rangeland Investments Inc's Motion to Dismiss (Doc. # 742) be DENIED.

August 21, 2007

                    s/ Sharon L. Ovington
                     Sharon L. Ovington
                  United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).